### Lizzie S. Price v. John D. Reed.

*Practice in the Circuit Court: Attachment: Dissolution: Powers of Circuit Court Commissioners.* A Circuit Court Commissioner has no power to dissolve an attachment, under the provisions of the " act to amend chapter 114, of the Revised Statutes, entitled of proceedings against debtors by attachment," ( *Comp. L.* §§ *4773-75*) upon the application of a defendant who is not entitled to have the property restored to him.

*Heard January 8. Decided January 10.*

*Certiorari:* To I. Willard Babbitt, Esq., Circuit Court

Commissioner for the County of Washtenaw, to review proceedings for the dissolution of an attachment.

*Norris & Uhl,* for plaintiff in error.

*H. J. Beakes,* for defendant in error.

COOLEY, J.

The plaintiff in error, Price, sued out an attachment in the Circuit Court for the County of Washtenaw, against the goods and chattels of Reed, upon which the Sheriff attached a crop of wheat of some fifty-five acres. This wheat appears to have been under a chattel mortgage previously given by Read to one Wood, and not yet due. Some days afterwards, and after the mortgage was overdue, Reed presented a petition to a Circuit Court Commissioner for the County of Washtenaw, under the provisions of § *4773* of the *Compiled Laws,* praying therein for a dissolution of the attachment, on the ground that he had committed none of the acts set forth in the affidavit, upon which it issued. A citation issued upon this petition, which was duly served, and the attorney for Price appeared and made several objections to the granting the prayer of the petition; only one of which we deem it important to notice. This objection was based upon the fact that it clearly appeared by the evidence, and was not disputed, that after the levy of the attachment, but before the hearing, Reed had turned over to Wood, whatever right of control he had in respect to the wheat, so that if the attachment was out of the way, Wood and not Reed, would be entitled to the possession. The precise nature of this arrangement was not clear, but it is not material to our present purpose.

The counsel for Price insisted that where it appeared that the defendant in attachment was not entitled to a return of the property, the case was not within the statute authorizing the attachment to be dissolved. On the other

hand, it was claimed by the counsel for Reed that whether he was entitled to have the property restored to him or not, was a question which regarded the nature of the order to be made by the Commissioner, and not one which went to his authority to make any order at all. The statute, it was claimed, gave the defendant a right to have the attachment dissolved when it was issued without cause, and it further *authorized* the Commissioner to order the property to be restored to the defendant; but this could, of course, only be done when he appeared to be entitled to its possession, and the counsel not asking, but disclaiming to ask any order for the return of the attached property, the Commissioner made an order simply dissolving the attachment.

We cannot find authority for this order in the statute. All its provisions bearing upon this point plainly contemplate that the party, who can take this proceeding, must be one entitled to a return of the property. The citation to be issued requires the plaintiff in attachment to show cause why the attachment should not be dissolved and the property restored to the defendant, and if the petition is sustained, the officer is authorized to dissolve the attachment and order the property restored. It is very plain, we think, that the evil the statute was designed to remedy was the depriving of defendant of the possession of his property, pending an attachment obtained without sufficient cause, and that it was no part of its purpose to remedy the wrongs of third persons, who have other means of redress open to them, or any incidental injuries to defendant not connected with any right to the possession of the property attached.

It is suggested that under this construction of the statute the defendant may suffer serious wrong in some cases for which there is no redress. But we cannot, on any such grounds, enlarge the scope of the summary remedy which the statute has given. If the remedy ought to be broader than it is, only the Legislature can make it so. We are very well satisfied that to entitle a defendant to petition

for a dissolution of an attachment, he must be in position to be entitled to an order for the restoration of the property, because the statute contemplates that that order shall be made in every case in which the petitioner is successful. But, as the petitioner in the present case had no right to such restoration, the order of the Commissioner, which was not such as the statute contemplates, must be reversed with costs.

CAMPBELL, Ch. J. and GRAVES, J. concurred.

CHRISTIANCY, J.

I concur with my brethren, that the defendant in attachment, to sustain this proceeding for setting it aside, must be entitled to a return of the property. But if the defendant, as between himself and the plaintiff, is entitled to the return, this is sufficient, and we cannot in this proceeding adjudge the rights existing as between the defendant and other persons not parties to the suit.

I think the defendant in attachment in this case shows, that, as between himself and the plaintiff, he is entitled to have the property restored to him, if the attachment be set aside.