Mr. Justice DAVIS
 

 delivered the opinion of the court.
 

 The instruction given by the learned judge who tried the case was clearly erroneous, for it referred to the jury a matter which, under the law, rested wholly in the discretion of the Postmaster-General. The act of March 3, 1863, which .embraces the section upon whose construction the disposition of the case depended, effected great changes in the administration of the post-office department, but it did not take from the Postmaster-General the right to control and regulate the allowances to postmasters and the expenses of their offices, which was conferred by the 9th section of the act of July 5,1836. Indeed, it would seem that the general
 
 *650
 
 power granted by that section was sufficient to meet the exigencies provided for by the fifth section of the act of March 3, 1863, but be this as it may, the latter section did nothing more than to require the Postmaster-General, in case the business of a particular post-office was considerably increased* on account of the location of the national forces in its vicinity, to compensate the postmaster for the extra labor performed and the additional expenses incurred.
 

 The section did not go further and prescribe rules to govern the action of the Postmaster-General, nor did'it seek to interfere with the judicial discretion of that officer. Congress constituted him the sole judge to determine not only whether the 'exigencies in the case had arisen, but if they had, the manner and extent of the allowance, and it is not competent for court or jury to revise his decision, nor is it re-examinable anywhere else, as there is no provision in the law to that effect. It may be safely laid down as a general rule, says Story, Judge, “ that where a particular authority is confided to a public officer to be exercised by him in his discretion, upon an examination of facts, of which he is made the appropriate judge, his decision upon these facts is, in the absence-of any controlling provisions, absolutely conclusive as to the existence of those facts.”
 
 *
 

 Judgment reversed, and a venire
 

 DE NOVO AWARDED.
 

 *
 

 Allen
 
 v.
 
 Blunt, 3 Story, 745.