## Waldo M. Johnson and another v. George F. De Witt and another.

*Attachment: Application for dissolution: Right of possession.* An application for the dissolution of an attachment should allege a right in the applicant to the possession of the property attached.

*Application for dissolution of attachment: Right of possession: Executions.* Where on the hearing upon an application to dissolve an attachment it appears that the applicants are not entitled to the possession of the goods attached, and that the same were held by officers of the law by virtue of executions against them, the application should be denied; the officers could not be deprived of their possession in this collateral way.

*Heard January 11. Decided April 4.*

*Certiorari* to Circuit Court Commissioner of Cass County.

*Howell & Carr,* for plaintiffs in *certiorari.*

*A. J. & H. D. Smith,* for defendants in *certiorari.*

MARSTON, J.:

Plaintiffs in error, after commencing an action against defendants, caused an affidavit to be filed in which it was alleged that defendants had fraudulently contracted the debt for the recovery of which such suit had been commenced, and thereupon an attachment was issued and property of the defendants seized thereon. Defendants afterwards made an application to the circuit court commissioner for a dis-

solution of the attachment. Their application sets forth that on the 4th day of November, 1876, a writ of attachment was sued out of the circuit court, and that "on the same day the following goods and chattels, at that time and now the property of these applicants, were attached and seized under and by virtue of such writ." A citation was issued, and on the return day thereof counsel for plaintiffs in error appeared and asked to have the proceedings dismissed for the reason that the application did not state that the defendants were entitled to the possession of the property. This motion was overruled, and evidence was introduced on the part of plaintiffs tending to show that the debt had been fraudulently contracted. They also introduced evidence, which was not disputed, showing that on the 26th day of October, 1876, these goods were seized by the United States marshal and the deputy sheriff by virtue of three executions, and that these officers still held possession of the goods by virtue of said executions. After the introduction of the evidence, plaintiffs' counsel again moved to dismiss the proceedings, on the ground that defendants were not entitled to the possession of the property. This motion was also denied.

As a general proposition, it may fairly be inferred that the owner of property is entitled to its possession, yet it by no means follows that the owner is in all cases entitled to possession. Third parties may, either by operation of law, or by the consent of the owner, have obtained the possession and right thereto, while the legal title and ownership is not changed. In such a case an application setting forth that the applicant was and is the owner would be strictly true, and yet, should all the facts be set forth in the application, it would clearly appear that the applicant would not be entitled to have the attachment dissolved and the property restored to him. It would seem, therefore, that the application should, on principle, allege a right to the possession of the property attached. We need not, however, dispose of this case upon the defective character of the

application. It clearly appeared upon the hearing, and was not disputed, that the defendants were not entitled to the possession of the goods seized. The possession thereof was held by officers of the law under and by virtue of executions issued against the goods and chattels of these defendants. And the officers could not be deprived of their possession at the instance of the defendants in this proceeding. This case comes clearly within previous decisions of this court: *Osborne v. Robbins, 10 Mich., 278; Price v. Reed, 20 Mich., 72; Macumber v. Beam, 22 Mich., 396.*

The order of the commissioner must be reversed and held for naught, plaintiffs in error to recover costs.

The other Justices concurred.