41  175
70  367

## MORTIMER SMITH v. JOHN COLLINS.

*Circuit Court Commissioners—Dissolution of attachment on lands and restoration of property.*

A circuit court commissioner can dissolve an attachment on lands.

One who petitions for the dissolution of an attachment on lands need not set up his right to restoration of the property.

A levy of an attachment on land does not dispossess the owner.

Certiorari to Edward M. Adams, Circuit Court Commissioner of Kent county.    Submitted June 4.    Decided June 17.

*Simonds & Fletcher* for plaintiff in certiorari.    One who asks for the dissolution of an attachment on realty,

must ask for a restoration of the property, *Johnson v. DeWitt*, 36 Mich., 95; *Price v. Reed*, 20 Mich., 72. See *Macumber v. Beam*, 22 Mich., 396.

*Taggart & Wolcott* for defendant in certiorari.

GRAVES, J. This is a certiorari to revise the proceedings of a circuit court commissioner in dissolving an attachment. The attachment was sued out upon an affidavit that Collins was about to dispose of his property or some part thereof with intent to defraud his creditors, and was levied upon land. He applied for the dissolution on the ground that the charge against him on which the writ was issued was untrue, and alleged that the lands levied on were his property. He did not allege that he was entitled to restoration of the property.

The plaintiff appeared before the commissioner and claimed a dismissal on this ground and also because the statute, as he contended, gave no authority to the commissioner to dissolve in case of levy on land.

The motion was denied, and thereupon the plaintiff refusing to produce any proof to support the attachment, the commissioner dissolved it and ordered the property released. The objections have no force.

It was expressly decided by this court nearly twenty years ago that a commissioner was authorized to dissolve an attachment on land (*Edgarton v. Hinchman*, 7 Mich., 352), and there is no ground for requiring the applicant in such a case to set up in his petition his right to have the property restored to him. The levy does not dispossess the defendant of his land, and it would be absurd to require him to solicit its restoration.

No error is shown, and the order made by the commissioner is affirmed with costs.

The other Justices concurred.