THE STATE BANK OF FENTON v. THOMAS WHITTLE.

*Review of Commissioner's findings—Sheriff's lien.*

The Supreme Court cannot review the conclusions reached upon the facts by a Circuit Court Commissioner in proceeding to dissolve an attachment.

A sheriff's lien and right of custody under an execution cannot be disturbed by the order of a Circuit Court Commissioner, on dissolving an attachment on the property, to return it to the defendant.

Certiorari to Henry Hoffman, Circuit Court Commissioner for Genesee County. Two cases. Submitted June 20. Decided July 2.

*J. L. Topping* and *Newton & Howard* for plaintiff in certiorari.

*Long & Gold* and *Aug. C. Baldwin* for defendant in certiorari. In certiorari to inferior jurisdictions the appellate court will not interfere with the finding if there is evidence to sustain it, *Overpack v. Ruggles*, 27 Mich., 65; *Jackson v. People*, 9 Mich., 111; *Higley v. Lant*, 3 Mich., 612; *Cicotte v. Morse*, 8 Mich., 424; *Berry v. Lowe*, 10 Mich., 9; *Hyde v. Nelson*, 11 Mich., 353; *Linn v. Roberts*, 15 Mich., 443; goods are bound by an execution in the hands of an execution debtor from the time it is issued, without a specific levy, *Audley v. Halsey*, 3 Cro., 148; in Michigan they are bound from actual levy or attachment, Comp. L., §§ 6091, 6045.

COOLEY, J. The plaintiff has brought these cases here to reverse the action of the circuit court commissioner of Genesee county, in dissolving attachments sued out by it against the property of the defendant, as a fraudulent debtor. Before the commissioner the cases turned upon the facts, and the plaintiff, judging from the evidence returned to us, made out a strong case. The commissioner nevertheless dissolved the attachments. It seems to have been thought that we might review his conclusion upon the facts; but we have no such power. *Hyde v. Nelson*, 11 Mich., 353; *Linn v. Roberts*, 15 Mich., 443; *Brown v. Blanchard*, 39 Mich.

One error assigned is that the commissioner ordered a return of the property to the defendant notwithstanding it was shown to be held by the sheriff under an execution. The evidence that it was so held was insufficient, but the order could do no harm to the execution creditor, as the officer's lien under his writ, and his right to custody by virtue of it could not be disturbed by the commissioner's order.

The writs will be dismissed.

The other Justices concurred.