CHARLES A. WATSON v. THEODORE H. HINCHMAN ET AL.

*Fraudulent Debtors Act—Commissioner's finding—Complaint against partners.*

It is good practice for a circuit court commissioner to file a written statement of his conclusions on a complaint made to him under the Fraudulent Debtors Act.

The Fraudulent Debtors Act does not cover cases of mere constructive fraud nor apply to those who are guilty of no personal delinquency and compel them to account for transactions of others which they cannot be presumed able to explain.

A complaint that specified partners had disposed of their property with intent to defraud, and a finding that one of them had failed to account for the firm assets and to explain the doings of all,

will not sustain a conviction of the individual partner under the Fraudulent Debtors Act.

Certiorari to Circuit Court Commissioner for Wayne county. Submitted October 15. Decided October 28.

*Wisner & Speed* for plaintiff in certiorari.

*Griffin & Dickinson* for defendants in certiorari.

GRAVES, J. The plaintiff brings this certiorari to revise proceedings taken before a circuit court commissioner against him under the statute for the punishment of fraudulent debtors. Comp. L., ch. 230.

The defendants complained to the commissioner that the firm of Watson, Waite & Co., composed of Charles Watson (the present plaintiff), William Waite and Thomas G. Sutherland, were indebted to them on contract, and that complainants had commenced a suit against said partners for such indebtedness in the Superior Court of Detroit. As ground for the application to the commissioner the complaint set up that Watson, Waite & Sutherland had assigned and disposed of their property with intent to defraud their creditors, and that Watson and Waite had assigned and disposed of their property with such intent.

The commissioner issued his warrant against the three partners, but no one besides Watson was arrested, and the case was prosecuted against him individually. Considerable testimony was taken, and numerous questions raised which will not be noticed. At the close the commissioner prepared a written statement of his views, and placed it on file. While we do not decide that this formality was necessary, we have no doubt of its regularity and propriety. It was certainly competent for the commissioner, and was good practice, to put his determination in writing and explain upon the record the way he found upon the facts, and having done so, his finding is to be consulted as the medium of his judgment. The first inquiry is whether the complaint, finding and final judgment are compatible and agreeable to law.

The proceeding was prosecuted before the commissioner on the theory that Watson was bound to satisfactorily account for the effects that had gone into the hands of the firm, and not only give such transactions and results as were brought about by himself, but such also as were brought about by either of his partners.

We are satisfied that no one under this statute can be held for any mere constructive fraud, or where he is guilty of no personal delinquency, and the act complained of is the immoral conduct of another. And we are quite certain that the law will not command a person, at the peril of being committed as a fraudulent debtor, to discover what he cannot be presumed to know, and to fully account for operations involving the transactions of others, and which transactions no one can assume he has the means of knowing or explaining.

Now, the statute allows final commitment only for some one or more of the acts specified in Comp. L., § 7177, and charged in the complaint. And we have seen that the misconduct charged was, *first*, against all three of the firm, and *second*, against Watson and Waite, and was confined to the definition in the 3d subdivision of said section. It was that the parties had assigned and disposed of their property with intent to defraud, etc.

The finding is that Watson failed to account for the firm assets, and such property as the firm had received, and satisfactorily explain the doings of the three partners.

We are not able to read it in any sense more conformable to the complaint. The proceedings are inconsistent with themselves, and not reconcilable with the statute. The effect of the commissioner's action was to acquit of the charge actually made, and convict of one neither suggested by the complaint nor authorized by the statute. The case has several aspects which would justify discussion, but it is unnecessary to go further.

The commitment was erroneous and the conviction must be quashed, with costs.

The other Justices concurred.