SOLOMON ZOOK v. J. P. BLOUGH.

*Certiorari—Attachment—Petition to dissolve.*

A circuit court commissioner has power to allow a writ of certiorari to bring up proceedings before a justice for the dissolution of an attachment, and a circuit court has jurisdiction to issue it, and hear the case.

A distinct allegation of the ownership of attached property is enough to give jurisdiction to hear a petition for the dissolution of the attachment; but if it appears on the hearing that the right of possession was in third persons, the petition must be denied.

Error to St. Joseph. Submitted Jan. 8. Decided Jan. 20.

ATTACHMENT. Petition to dissolve the attachment was granted by a circuit court commissioner, whose proceedings were quashed by the court below, and petitioner brings error.

*O. P. Coffinberry* for plaintiff in error. Attachment proceedings are purely statutory, *Wight v. Warner,* 1 Doug. (Mich.), 385; *Chandler v. Nash,* 5 Mich., 416; a writ of certiorari cannot be allowed by a circuit court commissioner except in the case provided for in Comp. L., § 5466, but must be issued by the circuit judge, *Taylor v. St. Clair Circ. Judge,* 32 Mich., 95; Const., Art. vi., § 8; Comp. L., § 5465; a petition for dissolution of an attachment is bad if it does not sufficiently describe the property, *Nelson v. Hyde,* 10 Mich., 522.

*S. B. Kingsbury* for defendant in error. A right to the possession of personal property cannot be inferred from an averment of ownership, *Price v. Reed,* 20 Mich., 72; *Osborne v. Robbins,* 10 Mich., 278; a circuit court commissioner has the powers of a circuit judge at chambers and can grant an application for a writ of certiorari, Comp. L., § 5567; Const., art. vi., § 16; *Whipple v. Saginaw Circ. Judge,* 26 Mich., 342; *Rowe v. Rowe,* 28 Mich., 354; Comp. L., §§ 7132-3.

MARSTON, C. J. Blough sued out a writ of attachment before a justice of the peace against Zook, and property was seized by virtue thereof. An application was made before a circuit court commissioner for a dissolution of the attachment, and upon the hearing it was dissolved. The proceedings were then removed to the circuit court by certiorari, and on hearing quashed.

A circuit court commissioner had power to allow the writ (2 Comp. L., § 7133) and the circuit court had jurisdiction to issue and hear the same. *Merrick v. Township Board*, 41 Mich., 630.

The principal question, and the only one remaining to be considered which is deemed of any importance, relates to the sufficiency of the petition praying for a dissolution of the attachment.

The objection urged against it was that it did not contain any allegation that the petitioner was entitled to the possession of the property. The petition set forth that the officer did "seize and take into his possession, of the goods and chattels of this deponent," * * * certain described property, and that he levied on ten acres of corn and seven and one-half acres of oats, all of which corn and oats "*are and then were growing on the farm of deponent*," which was described, all of which goods and chattels "*were and now are*, and *ever since have been*, the goods, property and chattels of this deponent."

As was said in *Johnson v. DeWitt*, 36 Mich., 96, the fair inference is that the owner of personal property is entitled to its possession, and yet he may not be, and that therefore on principle the application should allege a right to the possession of the attached property. Where however an allegation of ownership is distinctly made, and there is nothing in the case indicating that any other person has acquired any right in opposition thereto, the legal presumption that the owner of property is entitled to the possession of the same may very fairly be indulged, for the purpose of giving the commissioner jurisdiction. If upon the hearing it appears that the

applicant is the owner, yet that third parties have rights therein and are entitled to the possession, the petitioner must fail.

In *Macumber v. Beam*, 22 Mich., 395, the statement of ownership in the application was not so clear and distinct as in this case, yet it was held sufficient. Although an intimation was made in *Johnson v. DeWitt* as to what should be alleged in the petition, yet that case was not disposed of on such grounds, but what appeared from the evidence on the hearing. It must appear from the petition that the party is thus entitled to the possession and restoration of the property levied upon; but this, for the purpose of giving the commissioner jurisdiction to issue a citation, may sufficiently appear from clear and distinct allegations of present ownership.

The judgment of the circuit court quashing the proceedings of the commissioner must be reversed with costs.

The other Justices concurred.