PETER SCHALL AND LAFAYETTE W. SCHALL v. KINYON BLY.

*Certiorari—Dissolution of attachment—Attorney for diverse interests.*

A circuit court commissioner has jurisdiction of proceedings to dissolve an attachment.

A debtor's right to the dissolution of an attachment on his property is not affected by the fact that later attachments have also been levied, as he is not dispossessed by the levy and no question arises as to the restoration of the property.

The same attorney can act in proceedings to levy and to dissolve attachments in distinct suits by different creditors against the same debtor.

The circuit court, like the Supreme Court, cannot on *certiorari* review upon the facts the proceedings before a circuit court commissioner for the dissolution of an attachment.

A circuit court commissioner's rulings as to the admission of evidence, in proceedings to dissolve an attachment, are not reviewed in the circuit court on writ of *certiorari*.

Certiorari to the Circuit Court of Cass County.   Submitted April 20.   Decided April 28.

ASSUMPSIT.   Defendants assign errors on an order of

| 43 | 401 |
|----|-----|
| 70 | 51 |
| 43 | 401 |
| 96 | 418 |
| 43 | 401 |
| 100 | 13 |
| 43 | 401 |
| 102 | 43 |

the Circuit Court quashing the order of a circuit court commissioner dissolving an attachment against them in the original case.

*R. R. Pealer* for plaintiffs in certiorari.

*Howell & Carr* for defendants in certiorari.

GRAVES, J. The circuit court quashed an order of the circuit court commissioner dissolving an attachment sued out by Bly against Schall's property. The ground on which the writ was obtained was that they were about to dispose of their property with intent to defraud their creditors, and the property levied on consisted of land and growing wheat.

The commissioner, in entertaining the proceedings, acted within his jurisdiction. The sufficiency of the application has not been questioned. There were later levies by other parties on the land, and the point is made that this cut off the debtor's right to proceed for a dissolution. The objection is not valid. Neither levy operated to dispossess them (*Smith v. Collins* 41 Mich. 173), and they were not bound to submit in silence to a levy which they considered as based on an untrue statement against their honor and good faith, merely because other persons had subsequently levied on the same property. As the actual possession continued in the debtors there was no question concerning restoration to interfere. *Smith v. Collins,* supra.

The circumstance that the same counsel who acted for the debtors before the commissioner was the attorney of the later creditors is of no importance. There is no law which hinders an attorney from appearing for a party in one transaction and against him in another wholly distinct from it, merely because a third person interested in the first takes exception.

Before the commissioner the case turned upon the facts, and he received all the evidence offered and found as matter of fact that the creditor had not good and

legal cause for suing out the writ. That the evidence produced was sufficient to call for the exercise of his judgment is very plain, and that being so his conclusion upon it is final. It has been decided several times that this court has no power to review upon the facts (*State Bank of Fenton v. Whittle* 41 Mich. 365; *Hyde v. Nelson* 11 Mich. 353; *Linn v. Roberts* 15 Mich. 443; *Brown v. Blanchard* 39 Mich. 790) and the rule equally applies to the circuit court. That tribunal has an authority peculiar to itself in case of original motions in court to quash attachments, but the proceeding by *certiorari* to a commissioner is very different. The refusal of the commissioner to pass on the objections as they were made worked no prejudice. Rulings in regard to admitting evidence are not reviewed on *certiorari* in this class of cases, and if the commissioner had explained his decisions they would not be re-examined.

The circuit court erred in quashing the order of the circuit court commissioner, and the determination is reversed with costs.

The other Justices concurred.