HENRY SHELDON ET AL. v. JAMES STEWART.

*Attachments—Right to dissolve not affected by subsequent attachments—Findings of commissioner.*

The right of a defendant in attachment to the possession of the attached property is not determined by the levy of subsequent attachments, so as to preclude him from moving to dissolve the earlier levy. It cannot be assumed that he had lost his right to a return.

The special findings of fact made by a circuit court commissioner in a proceeding to dissolve an attachment are conclusive if there was any evidence to support them.

Where an officer has a particular authority to exercise on his judgment upon an investigation of facts of which he is made the judge, his finding of the facts in the absence of any controlling provision is final as to their existence.

CERTIORARI to John E. Nolan, circuit court commissioner. Submitted April 29. Decided June 9.

*Wheeler & McKnight* and *Griffin & Dickinson* for plaintiffs in certiorari. A circuit court commissioner cannot dissolve an attachment unless his order will restore the property to the defendant, *Johnson v. DeWitt* 36 Mich. 95; *Chandler v. Nash* 5 Mich. 409; *Price v. Reed* 20 Mich. 72; *Zook v. Blough* 42 Mich. 487; the commissioner's finding cannot stand if it is against the evidence, (*Brown v. Blanchard* 39 Mich. 790) and the appellate court will examine to see whether the finding is justified by the facts, *Jackson v. People* 9 Mich. 111.

*Wisner & Draper* for defendant in certiorari.

GRAVES, J. The purpose of this proceeding is to obtain a reversal of the adjudication of the circuit court commissioner dissolving an attachment sued out by the plaintiffs against the property of the defendant, upon the charge that he had disposed of certain of his property with intent to defraud his creditors.

It appeared on the hearing that the attached property was under levy of a large number of other attachments, and the objection is made that it hence resulted that the defendant was not entitled to possession, and so was not in a condition to prosecute the proceeding to dissolve. But we think the existence of other attachment levies was not such an impediment as ought to bar the defendant from the remedy and compel him to submit to an *ex parte* allegation of fraudulent misconduct.

The contrary doctrine would directly lead to injustice. It would admit a ready method for defeating the benign purpose intended by the legislature when they devised this remedy for the speedy trial of the truth of affidavits made to obtain attachments. Nothing would be easier in the vast majority of cases than a duplication of levies to preclude any attempt against the seizure, and as the defendant could not force parties to a joint hearing, he could by such means be summarily deprived of relief. By taking advantage of a particular construction of the remedy, the remedy itself, in a very large proportion of cases, could be defeated altogether. The idea is repugnant to the spirit and design of the statute.

The defendant is entitled to his opportunity to impeach the cases against him one by one as they were instituted, unless a different course is stipulated, and it is not to be assumed that the extrinsic cases are immutable. The statute, in allowing them to be questioned before a circuit court commissioner, admits they may not be. Before the defendant can be debarred his remedy where double levies exist, the court must be able to say he has lost his right to a return, and it has no right to make an arbitrary assumption of that sort. *State Bank of Fenton v. Whittle* 41 Mich. 365; *Schall v. Bly* ante p. 401.

The present occasion calls for no remarks concerning the effect which outstanding levies by execution, or a custody maintained under color of federal process, would

have on the defendant's ability to prosecute a petition under the statute.

The plaintiffs asked the commissioner to find specially and he very properly complied, and we are satisfied there was evidence for his judgment in favor of each proposition of fact. Such being the case the findings are conclusive. *State Bank of Fenton v. Whittle* supra; *Watson v. Hinchman* 42 Mich. 27; *Brown v. Blanchard* 39 Mich. 790.

The general rule applies that where an officer has a particular authority to exercise on his judgment upon an investigation of facts of which he is made the judge, his finding of the facts, in the absence of any controlling provision, is final as to their existence. *Allen v. Blunt* 3 Story 742; *United States v. Wright* 11 Wall. 648; *Horn, relator v. Wayne Circuit Judge* 39 Mich. 15.

*Loder v. Littlefield* 39 Mich. 512 is referred to as implying a right to review upon the facts. But the decision was not so intended. The case proceeded on the idea that the facts were ascertained and were all one way, and that the conclusion of law expressed by the order of the commissioner was the other, and was not supported. It is not our province to inquire into the accuracy of the commissioner's deductions from the testimony or the justness of his conclusions in weighing evidence. The law at one stroke leaves all that to him and excludes the judgment of the appellate court, and in its general operation the regulation is wise.

Sufficient has been said to dispose of the case. No ground is shown for disturbing the commissioner's order and it must stand affirmed with costs to defendant.

The other Justices concurred.