44  317
96  418
44  617
102  68

BEHMAN H. POWERS AND FRANK HEIMSATH v. GEORGE
        O'BRIEN AND EDWARD O'BRIEN.

*Dissolution of attachment issued on the ground of fraud.*

Fraud is not inferable from mere breach of contract, and where an attach-
    ment is asked for on the ground of fraud, the burden of proving it
    is on the plaintiff.

On an application to dissolve an attachment granted on the ground of
    fraud by a party to a contract, a finding that there has been no breach
    and that defendant is right is a finding that defendant designed no
    wrong, and negatives fraud: and if there is no evidence to show the
    specific fraud on which the affidavit of attachment was based, there is
    no finding that can be reviewed so as to disturb a conclusion dissolv-
    ing the attachment.

Certiorari to Joseph Theu, a Circuit Court Commis-
sioner for Allegan county. Submitted June 23. Decided
October 6.

*Padgham & Padgham* for plaintiff in certiorari.

*Frank Donaldson* for defendants in certiorari.

CAMPBELL, J. In this case plaintiffs sued out an attach-
ment against defendants on the ground that they had disposed
of and concealed their property with intent to defraud cred-
itors. On a motion to dissolve, which was founded on a
sufficient application, plaintiffs went into testimony at length
of the contract on which they sued, and its supposed breach.
It was a contract whereby defendants agreed to sell plaintiffs
their crop to be raised, within certain limits of quantity, of
potatoes and onions. The potatoes were to be raised on
upland, and no point was made as to their non-delivery. The
onions were to be raised two acres of one kind, and one of
another, and there was no stipulation as to where they should
be raised. Neither did the contract forbid defendants raising
more potatoes or onions than those to be sold to defendants.
It was expressly agreed to the contrary. Plaintiffs were not

willing to accept so much as could be gathered from three acres of onions which defendants offered to deliver them, and insisted on the deficiency being made up from onions grown on other parts of the defendants' lands.

There was no evidence whatever given or offered of any fraud or concealment, unless the refusal to comply with plaintiffs' demands could be so regarded. The commissioner dissolved the attachment, and was of opinion that there had been no breach of contract, and that defendants were in the right. This finding, whether correct or not, on the construction of the contract, was certainly a finding that defendants had designed no wrong, and negatived fraud. There was evidence which he had a right to act upon in reaching such a result; and the burden of proof was on the plaintiffs to show fraud, which cannot be inferred from a mere breach of the contract. The specific fraud on which the affidavit for attachment was made was not in any way sought to be made out by any testimony. There was no finding, therefore, by the commissioner, which we can review, that would justify us in disturbing his conclusions; and it is not very clear to us how he could have done otherwise.

The order must be affirmed with costs.

The other Justices concurred.