DRS. K. & K. U. S. MEDICAL AND SURGICAL ASSOCIATION v. POST & TRIBUNE JOB PRINTING COMPANY.

| 58 | 487 |
|---|---|
| 61 | 338 |
| 58 | 487 |
| 73 | 390 |

*Dissolution of Attachment—Levy of execution.*

1. It is no bar to the dissolution of an attachment upon property the right to which defendant has not relinquished, that an execution has meanwhile been levied upon it in favor of a third party.   Johnson v. DeWitt 36 Mich. 95 overruled.

2. The dissolution of a wrongful attachment cannot affect the lien of an execution in favor of a third person upon the same property.

Certiorari to Wayne.   (Chambers, J.)   Oct. 29.—Nov. 19.

Attachment proceeding.   Plaintiff petitions for certiorari. Reversed.

*James H. Pound* for plaintiff.

*Griffin & Warner* for defendant.

MORSE, C. J.   June 10, 1884, the Post & Tribune Job Printing Company sued out of the Wayne circuit court a writ of attachment against the petitioner, and the sheriff, by virtue of said writ, seized and took into his possession certain personal property belonging to petitioner.   July 21, 1884, the petitioner filed an application before a circuit court commissioner of said county for a dissolution of the attachment; and upon hearing, October 7, 1884, said commissioner found that said Post & Tribune Job Printing Company had no legal cause for suing out said attachment, and made an order dissolving the same, and gave the petitioner costs.   The plaintiff then appealed to the circuit court, and June 4, 1885, a jury trial was had.

The plaintiff upon the trial introduced in evidence an execution issued out of the Superior Court of Detroit, dated September 27, 1884, and returnable October 24, 1884, in favor of one James S. McCoy and against the petitioner, and

proved that on the day of its issue the sheriff, by virtue of it, levied upon the same property mentioned in said writ of attachment. This evidence was objected to by petitioner's counsel as being immaterial, which objection was overruled by the court and exception taken. Thereupon, without any further showing, the plaintiff's counsel requested a verdict, and the court instructed the jury substantially that under the evidence in the case the said defendant was not at the time of the application before the commissioner for a dissolution of said attachment, and was not then entitled to a dissolution of the same because of said execution levy; and that the plaintiff was entitled to have a verdict denying the right of the defendant to a dissolution of the attachment. The jury rendered a verdict accordingly, and upon such verdict it was ordered and adjudged by the circuit court that the order heretofore made by the circuit court commissioner dissolving the attachment be reversed, and that the plaintiff recover against the defendant his costs, to be taxed, and have execution therefor.

We cannot agree with the circuit court. There was no judgment offered in evidence or proven in favor of McCoy against the petitioner, and the possession of the property by the sheriff could not be justified under this execution alone, without the further proof that it was issued upon a valid and subsisting judgment. It would be no protection to the sheriff in a suit against him to recover the property.

But, without this, there is another consideration. In our view of the case the petitioner would, if there had been a valid judgment shown to support this execution, have been entitled to a dissolution of the attachment and an order for the return of the property, as against the plaintiff in this proceeding. It would be opposed to every principle of good sense, equity and justice to hold that a plaintiff can, as in this case, swear out a causeless attachment, seize the defendant's property under it, hold the property by delay and appeal nearly a year, and then upon the hearing, while unable to give a single reason why he should hold it longer or have taken it in the first place, and admitting himself by implica-

tion to be a naked trespasser, yet hold the possession without the slightest claim of right, and obtain besides a judgment for costs against the defendant, who has simply all this time been seeking his own; and this for no other reason than the fact that, in the mean time, some third person with no interest in the proceeding has levied upon the property.

It is claimed that there is a precedent for it in this State, but we cannot believe it. If there is, it is one that should be followed no longer. On the argument the decision of the court below was attempted to be sustained by the former decisions of this Court; but, as we read them, with the exception of one case, the doctrine therein taught, especially in the later cases, seems to sustain our present views. At least it is the better doctrine, and more in accordance with right and justice; and when the law, through any technical perversion, works substantial injustice, clearly seen, it should at once be righted, and by a liberal interpretation made to work out and accomplish its proper function, namely, the establishment beyond mistake of equity and justice.

A little examination, we think, of the decisions of this Court will make it clearly apparent that, with one exception, all the cases in this State are in harmony with the idea that in the extraordinary proceeding by attachment the levy of a third party upon the attached property cannot in any way alter or vary the rights or remedies of either the plaintiff or defendant therein. In *Chandler v. Nash* 5 Mich. 409, the defendant, before the writ of attachment was issued, had voluntarily assigned his property for the benefit of his creditors, and delivered it to his assignee. Consequently, the court very properly held that he could not ask its restoration to himself. In *Price v. Reed* 20 Mich. 73, the defendant had given a chattel mortgage upon the property, and before he applied for a dissolution of the attachment had voluntarily turned it over to the mortgagee, who was entitled to the possession. Yet in this case Justice Christiancy dissented, and held that, notwithstanding this, the defendant was entitled to a dissolution, and an order for the return of the property as against the plaintiff, who showed no rights whatever in

the property. After these decisions by what seems to us a misapplication of the rule established by them, Mr. Justice Marston, in *Johnson v. De Witt* 36 Mich. 95, held that third parties, by the operation of law, might become entitled to the possession of the attached property while the legal title was yet in the defendant, and thereby defeat his right to have the attachment dissolved, operating precisely as if he had by his own voluntary act parted with his title or possession before he applied for a dissolution ; and cited in favor of this doctrine, also, the two cases of *Osborne v. Robbins* 10 Mich. 278, and *Macumber v. Beam* 22 Mich. 396. Both these cases were decided upon a point raised as to the allegation of *ownership* in the petition, and have not the slightest tendency, in our opinion, toward supporting the ruling in *Johnson v. De Witt.*

There is also to be found in the opinion of Chief Justice Marston in *Zook v. Blough* 42 Mich. 487, a single sentence supporting his former opinion in *Johnson v. De Witt.* But the point was not involved in that case, and the remark must be considered as a mere dictum. This case of *Johnson v. De Witt* was one in which it appeared that *before* the application was made to dissolve the attachment the property was out of defendant's hands and in the possession of a United States marshal, and held by him under three execution levies against the goods and chattels of the defendant. The rest of the court appear to have concurred in this opinion ; but later, so apparent was the injustice of this decision, that when it came to be applied to a case of successive attachment levies in *Sheldon v. Stewart* 43 Mich. 574, the court unanimously held that the fact that the attached property was held under levy of a large number of other attachments than the one defendant was seeking to have dissolved, was no bar whatever to his right to have the attachment in question dissolved, or to have an order made restoring the property to him ; and that the presence of these levies could not compel him to submit in silence to an ex parte allegation of fraud or misconduct. In that case Mr. Justice Graves well said : " The contrary doctrine would directly lead to injustice. It would admit a ready method

for defeating the benign purpose intended by the Legislature when they devised this remedy.   *   *   *   Nothing would be easier, in the vast majority of cases than a duplication of levies to preclude any attempt against the seizure.   *   *   * The idea is repugnant to the spirit and design of the statute." He cites *State Bank of Fenton v. Whittle* 41 Mich. 365, and *Schall v. Bly* 43 Mich. 401, in support of his views, which cases, we think, directly sustain him.

By an examination of the record in the case of *State Bank of Fenton v. Whittle,* above referred to, we find in that case, as in this, the property attached, or a portion of it, was personal, and the execution levy was on such personal property. Mr. Justice Cooley, in disposing of that case, says : " One error assigned is that the commissioner ordered a return of the property to the defendant, notwithstanding it was shown to be held by the sheriff under an execution.   The evidence that it was so held was insufficient, but the order could do no harm to the execution creditor, as the officer's lien under his writ, and his right to custody by virtue of it could not be disturbed by the commissioner's order."

A distinction is sought to be made on the argument here between an attachment and an execution levy ; but we can see none in principle or effect.   The decision in 36 Mich. 95, upon which plaintiffs rely, was grounded directly upon the idea that the defendant, having by the levy lost the right to the possession as against some third person, was debarred by the operation of law of the right to have a dissolution of an attachment laid upon his property by one who had no authority to do so.   An attachment levy, while it exists, takes away the defendant's right of possession just as completely as the levy of an execution.   Indeed, its office and purpose is to seize and hold the property away from him until judgment can be obtained, and execution issued and levied upon it.

The dissolution of an unjust attachment, obtained by a false or mistaken statement and oath of the plaintiff, can do no harm to the valid lien of a third party, while its retention is an indefensible wrong, and a fraud upon the rights of the defendant.   It is the right of the defendant to have it re-

moved, and it is the duty of the court to aid him. He is "not bound to submit in silence to a levy which he considers based on an untrue statement against his honor and good faith, merely because other persons have subsequently levied upon the same property." 43 Mich. 402.

This is the language of the later cases in this State, and we believe that it is in accord with right and justice. The affirming of the judgment of the court below in this case would not only be in conflict with these decisions, but against all equity. It would give a confessed wrong-doer the possession of defendant's property for a year, and then, to cap the climax of absurdity and injustice, punish the defendant with costs for attempting to reclaim what of right belongs to it from a possession presumably obtained by fraud, and retained by an utter distortion of legal principles.

The judgment of the circuit court must be reversed with costs to defendant

CHAMPLIN and SHERWOOD, JJ. concurred.

CAMPBELL, J. The defendant company sued out an attachment against plaintiff in certiorari, and the latter having applied to a circuit court commissioner, and that officer having made an order dissolving the attachment, but giving no order for return of the property, the circuit court, to which the matter was appealed, ordered a jury, on demand of the defendant in attachment, who, on the charge of the court, gave judgment against the dissolution. The circuit judge held that the fact that the attached property was held under execution levies cut off any right to have an order of dissolution.

Certiorari was brought to this Court, that writ having been allowed to be taken out, subject to such views as the court might entertain as to its propriety on the hearing.

This writ has been allowed, for want of any other remedy to review the action of a commissioner or judge at chambers sitting as an officer and not as a court, in carrying out the special proceedings to dissolve attachments. But it is no part of the office of such a writ to review the propriety of

any action where the conclusion depends upon the effect produced on the mind of the officer by the facts before him, which he must weigh for himself. *State Bank of Fenton v. Whittle* 41 Mich. 365 ; *Hyde v. Nelson* 11 Mich. 353 ; *Linn v. Roberts* 15 Mich. 443 ; *Brown v. Blanchard* 39 Mich. 790 ; *Watson v. Hinchman* 42 Mich. 27 ; *Powers v. O'Brien* 44 Mich. 317 ; *Schall v. Bly* 43 Mich. 401.

Since the statute was so amended as to enable the circuit court, as a court, to hear such proceedings on appeal from the officer, and to have the aid of a jury, if so desired, the original power of this Court to issue certiorari has been regarded as practically superseded, in accordance with the views expressed in *Farrell v. Taylor* 12 Mich. 113. Any decision by the circuit court as a court, is an interlocutory and not a final order in the cause which is pending in the same court. It was held in *Gray v. York* 44 Mich. 415, that it could not come up for review on writ of error. It is a question of some interest whether the writ of certiorari will lie generally or at all to bring up the interlocutory action of the circuit court. Upon the present hearing the question need not be determined, and will be left for future consideration.

The only question presented on the merits is whether execution levies, existing on the same personal property which is attached, prevent the right of defendant in attachment to get a dissolution and return of the property.

This question was distinctly decided in *Johnson v. DeWitt* 36 Mich. 95, which has never been departed from and which was recognized and followed in *Zook v. Blough* 42 Mich. 487. And it was held in *Price v. Reed* 20 Mich. 72, that this right of possession is open to determination at the time of the hearing. The statute giving appeals in these ·cases contemplates that there shall be a hearing before the circuit court, in the same manner as in other appeals on trials of fact, and anything can be shown there which could be shown before a judge or commissioner.

As the question is not a new one I do not think it should be opened, and I think the writ should be dismissed.