The Calvert Lithographing, Engraving, and Map Publishing Co. v. The Drs. K. & K. U. S. Medical and Surgical Association.

*Attachment suit—Appeal from order for dissolution—Right to writ not affected by recovery of judgment—Merger of attachment lien in execution levy will not nullify its original force—Nor impair the office of the writ prior to such levy—Application for dissolution—Rights of parties upon the hearing should be adjudicated as in other suits—And as they were when suit was commenced, unless defendant, by his own acts, has lost his right to the possession of the property—Attachment levy must stand or fall upon its own merits—Plaintiff has a right to show cause for issuing writ, unless debt has been paid or settled by his voluntary act—Recovery of judgment, and sale of attached property on execution to satisfy same, not an affirmance of an order for dissolution.*

1. On the trial of an appeal from the order of a circuit court commis-

sioner dissolving an attachment, the plaintiff offered to prove specifically the facts averred in the affidavit upon which the writ was issued, and conceded that a judgment had been obtained in the attachment suit, and the attached property seized upon an execution issued thereon, which had been replevied from the officer by a third party, *all* pending said appeal; also that the replevin suit was still undetermined. Thereupon the circuit judge, without submitting the issue to the jury, affirmed the order of dissolution on the ground that by reason of such judgment and levy the writ of attachment was of no further force or virtue.

*Held*, that the recovery of such judgment could not affect the question of plaintiff's *right* to the original writ, nor did the *execution levy* so merge the *attachment lien* as to nullify its original force, or invalidate or impair the office of the writ prior to such merger.

2. The object and intent of the decision in the case of *Drs. K. & K. U. S. Medical and Surgical Association v. Detroit Post and Tribune Co.*, 58 Mich. 487, was to place the proceedings in applications for the dissolution of attachments upon the same basis as other suits, to the end that the *rights* of the parties upon the hearing should stand and be adjudicated, as in *other* actions, as they were when the attachment suit was commenced, unless the defendant, by *his own acts*, had lost his right to the possession of the attached property, as in *Chandler v. Nash*, 5 Mich. 409, and *Price v. Reed*, 20 Id. 73.

*Certiorari* to Wayne. (Chambers, J.)    Argued April 28, 1886.    Decided May 6, 1886.

*Certiorari* to review the order of a circuit judge affirming a commissioner's order dissolving an attachment. Attachment debtor sues out writ. Reversed. The facts are stated in the opinion, and in head-note 1.

*James H. Pound*, for petitioner.

*Griffin & Warner*, for respondent.

MORSE, J.    This case comes into this Court upon *certiorari* from the circuit court for the county of Wayne.

June 10, 1884, the plaintiff sued out in the said circuit court a writ of attachment against the defendant, regular in form, which writ was duly executed by levy upon property of defendant and personal service.

August 18, 1884, upon application of defendant, and hearing thereon, the attachment was dissolved by an order of

Wm. J. Craig, a circuit court commissioner of Wayne county. From this order the plaintiff appealed to the circuit court.

The appeal was brought on for trial, January 18, 1886, whereupon, a jury having been impaneled, the appellant (the plaintiff in attachment) offered to prove, in support of his attachment levy, the facts averred in the affidavit upon which the issue of the writ was based, making specific offers of proof of fraudulent misconduct on the part of defendant prior to the making of the affidavit.

It was conceded that plaintiff procured a judgment in the attachment suit, and that on the eighth day of December, 1884, an execution was duly issued upon said judgment, and, under and by virtue of it, the sheriff of Wayne county levied upon and took into his possession the attached goods, and held the same until they were replevied by Moses W. Field, which replevin proceedings were still pending.

The circuit judge thereupon held that there having been a judgment, and a levy thereunder, in the case, the original writ of attachment was of no further effect or virtue, and ordered the decision of the commissioner to be affirmed, without costs, without submitting the issue to the jury, to which ruling the plaintiff, by his counsel, excepted.

The right of the plaintiff to issue the attachment, or of the defendant to dissolve it, was not passed upon by the court, or submitted to the jury ; the order being made solely for the reason above stated.

This order of the circuit judge cannot be sustained. The subsequent judgment in the case could not affect the question of the right to issue the writ in the first place, nor did the levy under such judgment merge the attachment lien so as to nullify its force at the beginning. The merger and extinguishment of the attachment levy by the execution levy could not in any way invalidate or impair the office of the writ previous to such merger. The effect of the decision of this Court in the case of *Drs. K. & K. U. S. Medical & Surgical Ass'n v. Detroit Post & Tribune Co.*, 58 Mich. 487, was not fully understood by defendant's counsel.

The object and intent of the decision was to place the proceedings in applications for the dissolution of attachments upon the same basis as other suits, so that the rights of the parties upon the hearing should stand and be adjudicated, as in other actions, as they were at the time the proceedings were commenced, unless the defendant, by his own acts, had lost his right to the possession of the property, as he had in the cases of *Chandler v. Nash*, 5 Mich. 409, and *Price v. Reed*, 20 Mich. 73.

This is a matter of justice to both parties ; and although by legal proceedings in the main case, or by the action of third parties, the final issue before the commissioner or upon appeal may become only a question of costs, and the possession of the property cannot be affected as against other subsequent levies, the right to determine the legality of the issue of the writ, and the levy thereunder, remains, and is not affected thereby. The attachment levy must stand or fall upon its own merits. Neither party should be allowed to lose or profit by the intervention of causes, for which they are not responsible, between the issuing of the writ and the final hearing, after the delay attending appeals and trials. The plaintiff in attachment should not be mulcted in costs because, in the ordinary and rightful course of his suit, he has merged his attachment levy in judgment; nor should the defendant be punished in the same manner for the reason that, while he has been attempting to remove an unjust attachment and imputation of fraud, some third person has levied upon the same property.

In the present case the affirming of the order of the commissioner dissolving the attachment may render the plaintiff liable to an action for damages, growing out of the taking and detention of the property, when, if the plaintiff had been allowed to proceed before a jury, he might have sustained the reasons set forth in his affidavit for such taking.

The only just and proper method, under the statute allowing an appeal, and a jury trial, from the order of the commissioner upon an application for the dissolution of an attachment, is to proceed to a hearing and trial in the circuit

court upon the issue made in the first place, unless the defendant in the meantime has voluntarily parted with his right to the possession of the property, or by some other act estopped or debarred himself from insisting upon a dissolution. And the plaintiff has an equal right to show his cause for suing out the writ, unless a settlement or payment of his debt has been voluntarily accepted by him. His proceedings to perfect his attachment lien by judgment and execution levy, and sale of property thereunder, to collect his demand, cannot be considered as affirming the order of the commissioner dissolving the attachment, with a judgment of costs against him.

The order of the circuit court must be reversed and vacated, with costs of both courts to the plaintiff.

The other Justices concurred.