THOMAS LORD, GEORGE S. LORD, AND JAMES R. OWEN v. JAMES E. WIRT.

96 415
125 544

*Attachment—Dissolution—Fraud—Evidence—Certiorari.*

1. Rulings of a circuit judge on the admission of evidence, on a hearing upon a petition to dissolve an attachment, cannot be reviewed on *certiorari;* citing *Schall v. Bly,* 43 Mich. 401.

2. The finding of a circuit judge that a defendant in an attachment suit has not disposed of his property with intent to defraud his creditors is conclusive, if there is any evidence to support it; citing *Sheldon v. Stewart,* 43 Mich. 574; *Powers v. O'Brien,* 44 Id. 317.

3. Vendors who sell goods to a merchant during the time a chattel mortgage is withheld from record, without actual notice of its existence, are not in *fact* defrauded, as their rights are in no way jeopardized by the giving of the mortgage.[1]

*Certiorari* to Chippewa. (Steere, J.) Submitted on briefs June 9, 1893. Decided July 25, 1893.

Plaintiffs bring *certiorari* to review proceedings dissolving an attachment. Order of dissolution affirmed, and writ of *certiorari* dismissed. The facts are stated in the opinion.

*George A. Cady,* for petitioners.

---

[1] See *Kennedy v. Dawson,* 96 Mich. 79.

*Bedford & More (E. S. B. Sutton,* of counsel), for defendant.

LONG, J. *Certiorari* to review the proceedings of the circuit judge of Chippewa county on a petition to dissolve a writ of attachment. The writ was dissolved, and the property restored to the defendant.

Defendant was carrying on business as a druggist at Sault Ste. Marie, this State, and plaintiffs were doing business at Chicago. Credit was given defendant for goods purchased between April 14 and December 21, 1892, to the amount of $1,078.68, and for which he owed at the last-named date $735.05. The attachment was sued out for $657.39, on the ground that he had assigned and disposed of his property with intent to defraud his creditors, and that the debt was fraudulently contracted. The plaintiffs, on the petition to · dissolve the writ, showed that they extended credit on the financial standing of the defendant; that in June, 1890, defendant visited Chicago, and stated to them that he desired to purchase the interest of his partner, and in order to do so it might be necessary to give a chattel mortgage on the stock; that they requested him, if he found it necessary so to do, to advise them at once, that they might protect themselves; that after the defendant returned home he wrote them as follows:

"SAULT STE. MARIE, MICH., July 20, 1890.
"LORD, OWEN & CO.,
"Chicago, Ill.

"GENTLEMEN: I have bought the half interest in the drug-store of Dr. Bacon, and now have complete control. I did not place a mortgage on the stock, as I thought I would have to. The consideration of the sale was $1,100, and I have three years to pay it in. I intend to center my trade with you as much as possible, and expect as fair dealing as we have enjoyed before. Please send me statement of all accounts due, and I will pay it up as fast as

trade will permit, which will probably be in about 60 days. Trusting this will be satisfactory, I am,

"Yours truly,

' JAMES E. WIRT.

"Successor to JAMES E. WIRT & Co."

Defendant continued to purchase from plaintiffs until December 21, 1892. On April 14 of that year defendant executed and delivered to one Andrew Blank a chattel mortgage on his stock for the sum of $1,600. This mortgage was not filed until December 21, 1892, and the writ of attachment was issued the 28th of that month.

Defendant testified on the hearing before the circuit judge that the value of the stock at the time the attachment was issued was from three to four thousand dollars; that the mortgage was given for a *bona fide* consideration, to secure Mr. Blank for certain indorsements, among which was a note for the purchase of his partner's interest in the business in 1890, but given to the bank. He further testified that he did not have the conversation, to his recollection, with the plaintiffs in Chicago, as testified by them; that when he gave the chattel mortgage he supposed Mr. Blank would put it on file, and never knew that it was not on file until December 28, 1892, the date the attachment was issued.

It is stipulated that the following requests were made by the plaintiffs, and refused by the circuit judge:

1. That the defendant has assigned and disposed of his property with intent to defraud his creditors, and that he fraudulently contracted the debt and incurred the obligation respecting which the attachment was brought.

2. That there is a total want of evidence authorizing a dissolution.

3. That the evidence makes a *prima facie* case for plaintiffs, sustaining the writ, and shows an entire absence of proofs legally tending to disprove the case so made.

The circuit judge decided and ruled that the attachment should be dissolved, because the evidence showed

no fraud; that, inasmuch as the chattel mortgage was shown and conceded to be void, under section 6193, How. Stat., therefore the plaintiffs were not injured by it, and were not defrauded by the defendant in his contracting the debt and incurring the obligation.

We think the conclusions reached by the circuit judge cannot be reversed by this Court. He found, upon the evidence submitted, that the defendant had not assigned his property with intent to defraud creditors. There was some evidence to support this finding, and the findings are conclusive. *Sheldon v. Stewart*, 43 Mich. 574; *Powers v. O'Brien*, 44 Id. 317. Under the statute (section 6193) the chattel mortgage was void against any claims which the plaintiffs had for goods sold between the time the mortgage was given and the time of filing, so that their rights were in no manner jeopardized by the giving of the mortgage, and they were not, in fact, defrauded; and the evidence of the defendant, which the circuit judge had a right to consider, had a tendency to show that he did not intend to defraud them. This was a question of fact for the determination of the circuit judge, and his finding, being supported by some evidence, cannot now be disturbed by this Court. *Sheldon v. Stewart, supra.*

Some question is raised by the affidavit for the writ of *certiorari* that the circuit judge also erred in the admission of certain evidence; but the rulings of the circuit judge on the admission of evidence cannot be reviewed on *certiorari*. *Schall v. Bly*, 43 Mich. 401.

The writ of *certiorari* must be dismissed, with costs.

The other Justices concurred.