DAVID CARVER v. GEORGE W. CHAPELL ET AL.

*Dissolution of attachment—Evidence—Certiorari,*

1. On the hearing of a motion to dissolve an attachment sued out on the grounds of a fraudulent concealment and disposition of defendants' property, testimony tending to show that part of the property was exempt from execution, and that part belonged to defendant's wife, is admissible to rebut the alleged fraud.

2. Aside from jurisdictional defects in the affidavit, the question presented on proceedings to dissolve an attachment is one purely of *fact,* and is confined to the inquiry whether plaintiff had a good and legal ground for suing out the writ; and it is *not* the province of the appellate court, upon *certiorari,* in such cases, to review questions of *fact,* or pass upon the *weight* of the testimony or the *credibility* of the witnesses, nor was it intended in *Loder v. Littlefield,* 39 Mich. 512, to countenance such a practice. *Sheldon v. Stewart,* 43 Mich. 576.

3. In *Schall v. Bly,* 43 Mich. 403, it is held that rulings in regard to admit·ing testimony on the hearing of an application to dissolve an attac·ment are not *reviewed* on *certiorari.*

*Certiorari.* Argued April 6, 1888. Decided April 27, 1888. The order of the circuit judge dissolving an attachment is affirmed. The facts are stated in the opinion.

*S. E. Engle,* for plaintiff and appellant.

*George R. Shaw,* for defendants.

[The questions involved are fully stated in the opinion.— REPORTER.]

CHAMPLIN, J. Plaintiff sued out an attachment against defendants George W. Chapell and his sister-in-law, by virtue of which the sheriff of Wayne county seized a cooking stove, a parlor organ, a parlor baseburner coal stove, and a

wood stove, and certified that these were all the articles of personal property he was able to find in the county belonging to the defendants, and thereupon levied upon three descriptions of real estate in Shiawassee county, Mich.

The defendant George W. Chapell filed a petition before Hon. William Jennison, circuit judge of Wayne county, for a dissolution of the attachment, the alleged causes for issuing which were—

1. That the plaintiff had good reason to believe that the said defendants had disposed of and concealed some of their property with the intent to defraud their creditors.

2. That they fraudulently contracted the debt and incurred the obligation concerning which the suit was brought.

These grounds were denied in the petition for dissolution. A hearing was had before the circuit judge at chambers, who dissolved the attachment, and the plaintiff brings the case here by *certiorari*.

The errors alleged do not go to the jurisdiction of the officer, but relate exclusively to the admission of testimony against plaintiff's objection, and to the action of the officer in dissolving the attachment.

The testimony tended to show that defendant George W. Chapell had secreted some of the property which he had owned, and had disposed of other portions. But, to repel the inference that it was done with intent to defraud his creditors, he offered testimony, which the court received, tending to show that such property was exempt from execution. This was proper.

The plaintiff held a lease, with a chattel mortgage clause included, which mortgage clause covered household goods, a parlor organ, and a secretary. The testimony showed that a sewing-machine and lounge had been exchanged, and that the secretary had been secreted. The defendant was permitted to prove that the secretary did not belong to him, but was bought by his wife, and by her given to their son,

although never delivered, and it had always remained in his possession. The testimony was admissible; for, if the secretary belonged to his wife, creditors of his had no claims upon it, and the act of secreting it could not operate as a fraud upon them.

The defendant was also permitted to give evidence tending to show that the land levied upon in Shiawassee county was his homestead. This was irrelevant testimony upon the issue being tried, and should not have been received. But we cannot see how it prejudiced the plaintiff, as the fact whether the land was a homestead or not had no tendency to prove that he had secreted his property, or had fraudulently contracted the debt sued for.

There was, however, relevant testimony introduced upon the question presented by the affidavit as cause for attachment. The plaintiff was required to show cause why the attachment should not be dissolved, and the burden of proof was upon him. Aside from jurisdictional defects in the affidavit, the question presented on proceedings to dissolve an attachment is one purely of fact, and is confined to the inquiry whether the plaintiff had a good and legal cause for suing out such writ.

*Loder v. Littlefield,* 39 Mich. 512, would seem to give countenance to the practice of reviewing the facts upon *certiorari;* but in *Sheldon v. Stewart,* 43 Mich. 576 (5 N. W. Rep. 1067), it is stated, by the same Justice who delivered the opinion in *Loder v. Littlefield,* that the decision was not so intended, and it is there said that—

"It is not our province to inquire into the accuracy of the commissioner's deductions from the testimony, or the justness of his conclusions in weighing evidence. The law, at one stroke, leaves all that to him, and excludes the judgment of the appellate court, and in its general operation the regulation is wise."

*Schall v. Bly,* 43 Mich. 401 (5 N. W. Rep. 651), is to the

same effect, and in that case it was also held that rulings in regard to admitting evidence are not reviewed on *certiorari* in this class of cases. We cannot review questions of fact upon *certiorari*, or pass upon the weight of testimony or the credibility of witnesses. This is what we are asked to do in this case.

The judgment of the circuit court is affirmed.

SHERWOOD, C. J., and MORSE and LONG, JJ., concurred.