○ THE PEOPLE v. DAVID STOTT.

*Obstructing highways—Jurisdiction—Questions of title.*

Questions of title cannot be tried in the recorder's court of Detroit in a prosecution for obstructing and incumbering a public alley: citing *Jackson v. People*, 9 Mich. 122; *Roberts v. Commissioners*, 25 Id. 23; *Beecher v. People*, 38 Id. 291; *Willson v. Gifford*, 42 Id. 454; *Gregory v. Knight*, 50 Id. 61.

*Certiorari* to the recorder's court of Detroit to review proceedings resulting in the conviction of respondent on ○ a charge of obstructing a public alley. (Chambers, J.) Argued February 4, 1892. Prisoner discharged February 19, 1892. The facts are stated in the opinion.

*James C. Smith, Jr.*, for respondent.

*Frank A. Rasch*, for the people.

MONTGOMERY, J. The defendant was prosecuted in the recorder's court of Detroit, under a city ordinance, and convicted of the charge of obstructing and incumbering a public alley.

It appeared on the trial that the premises were, in 1856, dedicated as a public alley, but that in 1888 the alley was fenced up by one Ball, who owned. the abutting property on both sides, and who had procured the passage of a resolution of the common council of the city vacating the alley in question, on condition that he (Ball) should dedicate and open another alley a little further south. Ball opened such new alley, and tendered a deed of it to the city, but was informed by the city attorney that no deed was necessary. In 1889, Ball conveyed to defendant all his title to the premises embraced in the original alley, as acquired by him under the resolution

of the common council before mentioned, and defendant has since that time maintained the fences about the premises. A year or more after this conveyance Ball closed up the second alley, which he had dedicated, to the south of the one in question. On October 15, 1890, the common council passed a resolution professing to rescind their former action vacating the old alley, on the ground that the new alley had not been dedicated as required by the former resolution. It was also claimed on the trial that the original resolution had been procured by fraud.

Under these circumstances, the defendant's good faith in attempting to maintain his alleged title to the *locus in quo* could hardly be questioned, and, so far as appears, was not questioned on the trial. At the conclusion of the testimony the defendant moved the recorder to dismiss the complaint, on the ground that the question of title could not in this proceeding be tried, which motion was denied, and is the only ground of error alleged.

The conviction cannot be sustained. See *Beecher v. People,* 38 Mich. 291; *Jackson v. People,* 9 Id. 122; *Roberts v. Commissioners,* 25 Id. 23; *Willson v. Gifford,* 42 Id. 454; *Gregory v. Knight,* 50 Id. 61.

The judgment of the recorder's court will be set aside, and the prisoner discharged.

The other Justices concurred.