DEFOE v. BAY CIRCUIT JUDGE.

116  567
j148  4310
f148  313

116  567
d150  672
150  673
150  674
116  567
e152  434

1. APPEALS FROM PROBATE COURT—CONDEMNATION PROCEEDINGS—CONFLICTING CLAIMS—DISPOSITION OF FUND.

An order of the probate judge determining who is entitled to moneys paid into court under 1 How. Stat. § 3338, as compensation for lands condemned for railroad purposes, is appealable, under 2 How. Stat. § 6779, providing for appeals from probate court in cases "not otherwise provided for."

2. SAME—STATUTES.

A statute requiring judicial action by the probate judge, and the entry of a final order or decree, passed subsequent to 2 How. Stat. § 6779, will be presumed to have been framed with reference to the provisions of the existing statute, where there is nothing in the later statute to indicate that the legislature deemed an appeal from the order inexpedient.

3. SAME—STAY OF PROCEEDINGS.

It cannot be successfully urged that a probate order is not appealable because no provision is made in the statute relating thereto for a stay of proceedings in case of an appeal, as 2 How. Stat. § 6788, provides for such stay "after an appeal is claimed" from any order of the probate court.

4. SAME—NOTICE OF APPEAL.

The circuit court has jurisdiction to entertain an appeal from probate court, although notice thereof was not given to all of the adverse parties, if the appellant has complied with 2 How. Stat. § 6781, which provides that notice shall be given in such manner as the probate court shall direct; it being within the power of the circuit judge to require notice to be served upon any other necessary parties.

*Mandamus* by Joseph Defoe to compel Andrew C. Maxwell, circuit judge of Bay county, to vacate an order dismissing an appeal from probate court. Submitted February 23, 1898.    Writ granted April 5, 1898.

*Simonson, Gillett & Courtright*, for relator.

*U. R. Loranger*, for respondent.

Moore, J. In 1896 the Detroit & Mackinac Railway Company condemned, by proceedings in probate court, certain lands formerly owned by Francis Defoe, who is now dead. These lands were found in the proceedings to be worth $890. A dispute arose about who was entitled to this fund. The relator claimed it belonged to him, except the widow's right of dower therein; while the heirs at law of Francis Defoe, deceased, claimed it belonged to the administrator of his estate. The probate court, acting under the provisions of section 3338, 1 How. Stat., after setting aside a portion of the fund as dower to the widow of Francis Defoe, directed that the balance be paid over to the administrator of his estate. The relator, within the time allowed by the statute providing for appeals from probate court, appealed his case to the circuit court, giving such notice to the adverse party, and such bond, as he was directed to give by the probate judge. The case was noticed for trial at two terms, when a motion was made to dismiss the appeal upon the ground that no appeal would lie from the finding of the probate court in relation to the disposition of the fund. The appeal was dismissed by the circuit judge, and this is a proceeding to have the appeal reinstated.

The important question is, Will an appeal lie from the action taken by the probate court, acting under the provisions of 1 How. Stat. § 3338? It is conceded that, by the terms of the act under which the condemnation proceedings are conducted, no provision is made for an appeal from the action of the probate court in deciding who is entitled to the fund which has been paid into court. It is claimed on the part of the respondent that no appeal will lie from its action; citing *Clark* v. *Raymond*, 26 Mich. 415; *Smith* v. *Superintendents of Poor*, 34 Mich. 58; *Sparrow* v. *Ingham Circuit Judge*, 109 Mich. 272; and other cases. Unfortunately, this feature of the statute has never been construed, and none of the cases cited relate to its provisions. On the other hand, it is said that the order made by the probate court is final; that it is

judicial in its character; that it is not ancillary; that it is not a discretionary order; that there is no reason why an appeal should be inexpedient; and that appeal from it would not prevent the execution of the principal purpose of the statute.   It is insisted that the case comes within section 6779, 2 How. Stat., which provides for appeals from probate courts to the circuit courts in certain cases. We think it very clear that the appeal ought not to be defeated on the ground that it is inexpedient, and would defeat the purpose of the legislation, and that the *Sparrow Case* has no application to this one.   It is also true that the action of the court in making the order is judicial, and the order is final, so that the cases cited by counsel for respondent do not apply.   For cases holding in favor of a right of appeal, though not specially authorized by statute, see *Goss* v. *Stone,* 63 Mich. 319; *First Nat. Bank of Detroit* v. *E. T. Barnum Wire & Iron Works,* 58 Mich. 315; *Hart* v. *Shiawassee Circuit Judge,* 56 Mich. 592.

It is claimed that 2 How. Stat. § 6779, does not allow the relator to appeal, for the reason that it was in existence long before the legislature had provided for the condemnation of lands for railroad purposes.   We think this argument is answered by saying that, when the legislature passed the act providing for condemnation proceedings, they knew of the existence of section 6779, and, while they were careful to provide in section 3337 for an appeal which should be heard in a speedy way, because of the necessities of the case, from the appraisal or report of the commissioners or jury, they did not deem it necessary to provide for an appeal from the acts authorized by section 3338 in relation to the payment by the railroad company of the money into court, and in cases of doubt had authorized the court to determine who was entitled to the money. We think it entirely improbable that they intended the action of the court in that respect to be unappealable, but, on the contrary, it can well be assumed that the legislature presumed that, as a speedy hearing as to the dis-

position of the fund was not so essential as the other portions of the proceeding, the proceedings on appeal could well be left to the provisions of section 6779, relating to appeals. We can see no reason why a party aggrieved by a final order in any proceeding should have an appeal which does not apply with equal force here. It was the claim of the relator that he was entitled, as owner of the land, to the fund which was paid into court, less the amount which was conceded to belong to the widow as dower. His claim was denied, and the probate court made an order that the fund did not belong to the relator, but belonged to his father's estate. This was a final disposition of the fund. It was a judicial finding. It related not to the necessity of taking the land, or to the appraised value thereof, but related solely to the question as to who was entitled to the fund.

It is urged that this cannot be an appealable order, because no provision is made for a stay of proceedings in case of an appeal. We think this a mistaken view, as 2 How. Stat. § 6788, provides, after an appeal is claimed, for a stay of proceedings.

It is also urged that the appeal must fail because notice was not given to all of the adverse parties. 2 How. Stat. § 6781, provides that notice shall be given to the adverse party in such manner as the probate court shall direct. This was done, and we think the court obtained jurisdiction to entertain the appeal. If there are other persons who are necessary parties,—and upon that question we express no opinion,—the court can require notice to be given to them. *Strang* v. *Hillsdale Circuit Judge*, 108 Mich. 227.

We think the order was an appealable one, that the court had obtained jurisdiction, and that the appeal should not have been dismissed. The writ will issue as prayed.

The other Justices concurred.