MICHIGAN, OHIO & INDIANA RAILROAD CO. *v.* MONROE CIRCUIT JUDGE.

VENUE—CHANGE—STATUTE—APPLICABILITY—CONDEMNATION PROCEEDINGS.

> Proceedings to condemn land for public use, such as railroads, do not follow the course of the common law, and hence are not within the statute (Act No. 309, Pub. Acts 1905) providing for change of venue in any civil action upon application.

Mandamus by the Michigan, Ohio & Indiana Railroad Company to compel Harry A. Lockwood, circuit judge of Monroe county, to grant a change of venue in condemnation proceedings. Submitted April 3, 1906. (Calendar No. 21,577.) Writ denied April 30, 1906.

*R. S. Woodliff*, for relator.

*Willis Baldwin* and *John O. Zabel*, for respondent.

GRANT, J. The Toledo, Ann Arbor & Detroit Railroad Company filed a petition for the appointment of commissioners to condemn certain lands in the county of Monroe, including lands owned by relator. Relator filed an affidavit for a change of venue under Act No. 309, Pub. Acts 1905, providing that "each of said courts * * * shall change the venue of any civil action pending therein upon application of either party, made upon affidavit, showing one or more of the following causes," etc.

The affidavit is sufficient, provided that said act applies to condemnation proceedings. Condemnation proceedings may be commenced in any court of record in the county where the lands lie. It may be heard before the judge at chambers. The commissioners, when appointed, are not under the power or control of the court or judge. The judge appoints the time of their first meeting. The commissioners then adjourn from time to time, as they

see fit, visit the premises, take proofs, and then report their proceedings to the court or the judge. They do not proceed according to the course of the common law.

It was said in *Toledo, etc., R. Co.* v. *Dunlap*, 47 Mich. 456:

"The proceedings to condemn lands, although made under the railroad laws subject to judicial review and supervision for certain purposes, are not in themselves and never have been regarded as judicial. . * * * The inquiry in this State, as elsewhere, is an appraisal or estimate of values, and not a contest on litigious rights, and includes, what is not elsewhere included, an inquiry into the necessity of the proposed taking for public purposes, which was never made by the courts, but always heretofore by the legislature or some unjudicial body of its creation. * * * But the nature of the proceeding remains as before, a special proceeding by a temporary tribunal selected for the occasion, and not a judicial proceeding in the ordinary sense."

See, also, *Port Huron, etc., R. Co.* v. *Voorheis*, 50 Mich. 506, and *Derby* v. *Saginaw Circuit Judge*, 60 Mich. 4.

We hold, therefore, that the above statute, providing for a change of venue, does not apply to these proceedings, and the writ of mandamus is denied.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.