*In re* KOENIG'S ESTATE.

APPEAL AND ERROR — DECISIONS REVIEWABLE — DISCRETIONARY
ORDERS— PROBATE ORDERS — SPECIAL ADMINISTRATOR—PERISH-
ABLE PROPERTY.

> No appeal lies from an order of the probate court under sec-
> tion 9327, 3 Comp. Laws, authorizing a special administrator
> to sell perishable and other personal property.

Error to Wayne; Mandell, J.   Submitted February 17,
1908.  (Docket No. 164.)   Decided May 1, 1908.

Mary C. Koenig, special administratrix of the estate of
August W. Koenig, deceased, petitioned for authority to
sell certain personal property.   The petition was granted
in the probate court, and Adam Koenig and William
Koenig, administrator of the estate of Catharine Koenig,
deceased, appealed to the circuit court.   There was an
order dismissing the appeal, and appellants bring error.
Affirmed.

*Thomas Hislop* (*Ed. E. Kane*, of counsel), for appel-
lants.

*William E. Henze* ( *Geer, Williams, Martin & But-
ler*, of counsel), for appellee.

MOORE, J.   August W. Koenig died intestate August
26, 1905.   He left a widow named Mary but no children.
Adam Koenig, one of the appellants, was his father.   His
mother, Catharine Koenig, died intestate about December,
1906, and William Koenig, the other appellant, is admin-
istrator of her estate.

August W. Koenig was engaged in the retail dry goods
business at Detroit and New Baltimore, and, while he had
built up a large business, he was indebted at the time of
his death in a large sum to merchandise creditors.   His

indebtedness nearly equaled the appraised value of his stock of goods and other personal property. The record shows that if they had been sold at forced sale it is doubtful if enough would have been realized to pay his creditors. His widow, Mary C. Koenig, was appointed special administratrix of his estate. On September 22, 1905, she petitioned the probate judge of Wayne county for authority to sell the stock of goods and other personal property to a corporation which had been organized to take over the same and assume the indebtedness, and on the same day the probate judge granted the petition and the sale was made.

On November 6, 1905, the appellants filed their petition for leave to appeal. The appeal was heard in the circuit court on April 11, 1907. The circuit judge took the case from the jury and dismissed the appeal. The appellants bring the case here by writ of error.

At the outset we are confronted with the question of whether this court has jurisdiction on this writ of error to review the action of the circuit court. It is the claim that proceedings for the sale of perishable and other personal property by a special administrator are wholly statutory, and in no sense according to the course of the common law; that the power of the probate judge to make the order was derived solely from section 9327, 3 Comp. Laws, which provides that a special administrator "may sell such perishable and other personal estate as the probate judge may order to be sold." It is claimed that the making of the order was clearly discretionary with the probate judge and that an appeal did not lie to the circuit court under section 669, 1 Comp. Laws. It is also claimed that a writ of error will not lie to review the action of the circuit court in dismissing the appeal, because the proceeding was not according to the course of the common law.

On the part of the appellants it is insisted the order is an appealable one and that a writ of error will lie to review

the action of the circuit judge in taking the case from the jury and dismissing the appeal. None of the cases cited by counsel are on all fours with the case at bar. Counsel for the appellants in support of their contention cite *Daly's Appeal*, 47 Mich. 443; *Goss* v. *Stone*, 63 Mich. 319; *Grady* v. *Hughes*, 64 Mich. 540; and *Jenks* v. *St. Clair Probate Judge*, 96 Mich. 122. An examination of these cases will show that but one of them reached this court by writ of error, and in that one the appeal was not sustained.

Appellant's counsel also cite *Defoe* v. *Bay Circuit Judge*, 116 Mich. 569. This case was overruled in *United States Gypsum Co.* v. *Kent Circuit Judge*, 150 Mich. 668.

In *Holbrook* v. *Cook*, 5 Mich. 225, on appeal from the probate court, the circuit court reversed an order for the removal of an administrator, entered nunc pro tunc some months after being made, and remanded the case to the probate court for action upon the administrator's account. *Held*, that a writ of error would not lie from this court to review the action of the circuit court. This court said in part:

" To allow a writ of error to the circuit court, for the purpose of reviewing its proceedings upon these [probate] appeals, would interminably procrastinate the settlement of estates, and operate as a most oppressive burden upon the public. This consideration, of itself, were the question a doubtful one, would induce us to hesitate long, before we recognized this remedy; but a consideration of the nature of the writ, and the remedy, satisfies us that it lies in no case where the proceedings are not after the course of the common law, and only after judgment on an issue formed according to it; and it is not enough that the proceedings are in a court which ordinarily and primarily exercises common-law jurisdiction."

In *Brinsmade's Appeal*, 52 Mich. 537, it was held that a writ of error would not lie from this court to the circuit court to review an order of the latter setting aside the appointment of an administrator. This court said:

"It has been decided in this court several times that a writ of error is only allowable to bring up such controversies and questions as are according to the course of the common law. Probate appeals sometimes involve such questions where there is a contest over the will itself or over contested claims. In other cases they include equitable matters, as in case of accounting, and matters involving more or less discretion. Where no such issue is involved as could ever be a common-law question, the relief must be had by some other process, if it can be had at all."

- See, also, *Smith* v. *Sup'ts of Poor of Lapeer Co.*, 34 Mich. 58; *Fletcher* v. *Clark*, 39 Mich. 374; *Moore* v. *Moore*, 48 Mich. 273; *Woolley* v. *Crane*, 86 Mich. 360; *Sanborn's Appeal*, 107 Mich. 189.

In *Sparrow* v. *Ingham Circuit Judge*, 109 Mich. 272, there is a full discussion which tends to support the claim of counsel for appellee.

The question was up in the recent case of *United States Gypsum Co.* v. *Kent Circuit Judge*, 150 Mich. 668, where the right of appeal from proceedings in probate court is fully discussed. It is there said:

"It is the general rule that unless the statute expressly gives an appeal, there is no appeal, nor can a review be had by writ of error, in special or extraordinary proceedings, not according to the course of the common law." Citing many cases.

The order made by the probate judge was based entirely upon the statutory provision which we have already cited. It provided for the sale of merchandise, some of which was perishable, much of which would greatly depreciate in value because of the change of styles. In the meantime the rent of the store where these goods were kept amounted to more than $6 a day. Attention to the dates given in the first part of this opinion shows that two and one-half years have elapsed since the order was made by the probate court. The reasons given in the cases quoted by us why an appeal should not lie find an illustration in this case. We think there is much force in the following statement of counsel:

"There are practical reasons why an appeal should not lie in the case at bar. In fact the case itself presents the very strongest argument against it. If by an appeal such an order could be stayed, what would become of the property in question in the meantime? What would this stock of goods, hats, dresses, shoes, bonnets, millinery, etc., be worth at the time this litigation had been ended, and how much would it bring now, are very pertinent questions."

Whatever remedy may be open to appellants if any injustice has been done them, and we do not express any opinion upon that point, we think it clear that appeal to the circuit court and writ of error from this court is not open to them.

The judgment is affirmed.

GRANT, C. J., and BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.