HARTZ v. WAYNE CIRCUIT JUDGE.

1. APPEAL AND ERROR — MANDAMUS — REVIEW OF ORDER DISMISS-
ING APPEAL.

A judgment of the circuit court, dismissing an appeal from the
judgment and action of a township board, in proceedings to
open a highway, under Act No. 195, Pub. Acts 1905, and 2
Comp. Laws, § 4042 *et seq.*, is a final judgment, reviewable
on certiorari, and therefore will not be vacated on manda-
mus. (3 Comp. Laws, § 10497.)

2. MANDAMUS—ADEQUATE REMEDY.

Mandamus does not lie where another adequate remedy exists.

3. APPEAL AND ERROR—STATUTES — SPECIAL PROCEEDINGS — EMI-
NENT DOMAIN.

Proceedings which are purely statutory, and not after the
course of the common law, are not reviewable by writ of
error.

4. EMINENT DOMAIN—HIGHWAYS AND STREETS—CONDEMNATION.

Proceedings to condemn lands are summary in character, and,
while subject to judicial review, are not judicial proceed-
ings.

5. SAME—APPEAL AND ERROR—CERTIORARI.

While a review by writ of error cannot be had in such proceed-
ings, certiorari may issue to review them, not only as to the
jurisdiction of the inferior tribunal, but also as to the man-
ner of exercising it and any errors of law committed in so
doing.

Mandamus by John C. Hartz against James O. Mur-
fin, one of the circuit judges of Wayne county, to vacate
an order dismissing an appeal from proceedings of the
township board of Plymouth to establish a highway, to
reinstate said appeal, and to proceed to consider it.   Sub-
mitted November 29, 1910.   (Calendar No. 24,273.)   Writ
denied December 30, 1910.

*Keena, Lightner & Oxtoby*, for relator.

*C. C. Yerkes*, for respondent.

STONE, J. In this case petitioner prays for a writ of mandamus to compel the circuit judge to vacate and set aside an order dismissing an appeal from the township board of the township of Plymouth, in a certain highway proceeding, and to reinstate said appeal in the circuit court.

It appears that upon the petition of the requisite number of freeholders of said township, the commissioner of highways took certain action to lay out a highway therein, through lands belonging to the petitioner. The petitioner conceiving himself aggrieved by the determination of such commissioner, perfected an appeal therefrom to the township board of said township. Later said township board took action, and affirmed the determination of said commissioner in said matter. Thereupon petitioner, in pursuance with the statute, duly perfected an appeal from the determination of the township board to the circuit court for the county of Wayne. Due return was made to said appeal. Later said cause came on for trial on said appeal. While the jury was being impaneled, a question was raised by the circuit judge as to the constitutionality of the proceeding, and he finally, by order, dismissed the appeal, upon the ground that the statute providing for an appeal and hearing is unconstitutional, because it contravenes the express language of the Constitution of this State. After the denial of a motion to vacate said order, the petitioner applied to this court for mandamus. An order to show cause was granted, and the respondent has answered.

Counsel for petitioner cites the following cases in support of his claim that he is entitled to invoke this remedy: *Michigan Mut. Fire Ins. Co.* v. *Wayne Circuit Judge*, 112 Mich. 272 (70 N. W. 582); *Fingleton* v. *Kent Circuit Judge*, 116 Mich. 211 (74 N. W. 473); *Defoe* v. *Bay Circuit Judge*, 116 Mich. 567 (74 N. W. 733).

Under the later decisions of this court, we are of opinion that the petitioner has mistaken his remedy, and that he presents a case where he has another adequate remedy, as the order made by the circuit judge amounted to a final

judgment. *Dages* v. *Sanilac Circuit Judge,* 122 Mich. 490 (81 N. W. 355); *Mardian* v. *Wayne Circuit Judge,* 118 Mich. 353 (76 N. W. 497); *Skutt* v. *Kent Circuit Judge,* 136 Mich. 477 (99 N. W. 405); *Cattermole* v. *Ionia Circuit Judge,* 136 Mich. 274 (99 N. W. 1); *City of Flint* v. *Genesee Circuit Judge,* 146 Mich. 439 (109 N. W. 769); *Moran* v. *Wayne Circuit Judge,* 125 Mich. 6 (83 N. W. 1004).

It is a well-settled rule that mandamus will not lie when there is another adequate remedy. What is the adequate remedy in such a proceeding?

It has been often held by this court that in proceedings which are purely statutory, and not after the course of the common law, the writ of error will not lie. *Holbrook* v. *Cook,* 5 Mich. 225; *Cross* v. *People,* 8 Mich. 113; *Conrad* v. *Button,* 28 Mich. 365; *Cameron* v. *Bently,* 28 Mich. 520; *Smith* v. *Superintendents of the Poor,* 34 Mich. 58.

In *Detroit United Railway* v. *Oakland Circuit Judge,* 146 Mich. 540 (109 N. W. 846), this court declined to review on mandamus the order of the circuit judge dismissing a petition for the condemnation of land, and the case was later brought here and disposed of on its merits by writ of certiorari. *Detroit United Railway* v. *Barnes Paper Co.,* 149 Mich. 675 (113 N. W. 285).

The proceeding in this case is one to condemn lands. Such proceedings are special and summary in character, and, while subject to judicial review and supervision for certain purposes, are not judicial proceedings. *Toledo, etc., R. Co.* v. *Dunlap,* 47 Mich. 456 (11 N. W. 271).

In that case Justice Campbell said:

"The proceedings to condemn lands, although made under the railroad laws subject to judicial review and supervision for certain purposes, are not in themselves, and never have been regarded as judicial proceedings. Our Constitution allows them to be conducted by highway commissioners in some cases, and by specially appointed commissioners or juries of freeholders. The in-

quiry in this State, as elsewhere, is an appraisal or estimate of values, and not a contest on litigious rights, and includes what is not elsewhere included, an inquiry into the necessity of the proposed taking for public purposes, which was never made by courts, but always heretofore by the legislature or some unjudicial body of its creation. Had it not been for the specific provisions in our Constitution the State could have provided for these inquiries to be made by any medium it might select. * * * Our present system is better calculated than the old one, if fairly applied, to secure the rights of landowners. But the nature of the proceeding remains as before, a special proceeding by a temporary tribunal selected for the occasion, and not a judicial proceeding in the ordinary sense."

See, also, *Michigan, etc., R. Co.* v. *Monroe Circuit Judge,* 144 Mich. 44 (107 N. W. 704); *U. S. Gypsum Co.* v. *Kent Circuit Judge,* 150 Mich. 668 (114 N. W. 666); *In re Koenig's Estate,* 152 Mich. 432 (116 N. W. 400).

A review cannot be had by writ of error in these special or extraordinary proceedings, not according to the course of the common law. The power of reviewing upon common-law certiorari even the judicial proceedings of inferior tribunals and bodies, which are not according to the course of the common law, has long been exercised. The right is not limited to an inquiry as to the jurisdiction of the inferior tribunal or body over the particular subject-matter, but extends to the manner in which that jurisdiction is exercised. It may reach all errors of law. *Jackson* v. *People,* 9 Mich. 111, 118 (77 Am. Dec. 491); *Carver* v. *Chapell,* 70 Mich. 49 (37 N. W. 879); *People* v. *Stott,* 90 Mich. 343 (51 N. W. 509). It is a constitutional writ. Const. Art. 7, §§ 4–7; *Specht* v. *City of Detroit,* 20 Mich. 168; *City of Detroit* v. *Railway Co.,* 63 Mich. 715 (30 N. W. 321).

Our statute, section 10497, 3 Comp. Laws, provides for the issuance of the writ of certiorari in proceedings that are not according to the course of the common law.

In our opinion, the writ of certiorari is the proper remedy in this case.

The writ of mandamus is therefore denied, for the reasons stated, but without costs.

BIRD, C. J., and OSTRANDER, HOOKER, MOORE, MC-ALVAY, and BROOKE, JJ., concurred. BLAIR, J., did not sit.